Submitted on record and briefs February 23, conviction affirmed, sentence vacated and remanded for resentencing April 6, 1988

STATE OF OREGON,
*Respondent,*

*v.*

DOUGLAS J. WINDRESS,
*Appellant.*

(85-353; CA A44878)

752 P2d 326

Douglas J. Windress, Portland, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for assault in the fourth degree. ORS 163.160. It appears that he makes essentially four assignments of error.[1] We affirm the conviction and remand for resentencing.

In the first assignment, defendant claims that he was not provided with copies of the police reports by the district attorney, even though he demanded them. He was represented by counsel at trial, and there is no indication that this matter was brought to the attention of the court. Consequently, there is no ruling on the part of the trial court to review.

Defendant next appears to argue that the evidence is insufficient, because the testimony of the victim was contradicted by other witnesses. Defendant made no motion challenging the evidence. In any event, his challenge is essentially that the court, as trier of fact, had to believe one witness and disbelieve another. He is wrong.

In his brief, defendant includes what is denominated "Motion for Post-Conviction Relief." The substance of his motion is that his trial counsel was "grossly negligent" in conducting the defense. That issue cannot be resolved on direct appeal. *State v. Henley,* 31 Or App 109, 569 P2d 58 (1977).

Defendant's final assignment relates to the sentencing hearing and the requirement that he pay restitution to the victim. The audio tape of the hearing is blank. The state concedes, and we agree, that defendant is entitled to a new sentencing hearing. ORS 19.130(3).

Conviction affirmed; sentence vacated; remanded for resentencing.

---

[1] Because of defendant's disregard of the rules of appellate procedure, it is unclear what he does claim. We are indebted to the state for deciphering and responding to defendant's claims, and we take the claims of error from the state's analysis.